UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PACCAR FINANCIAL CORP.                    CIVIL ACTION

VERSUS                                    NO: 15-3959

B Z TRANSPORTATION LLC                    SECTION: "J"(2)
ET AL.

## ORDER

On August 31, 2015, Plaintiff, Paccar Financial Corp., filed a Verified Complaint for Executory Process with Benefit of Appraisal, seeking issuance of an order for executory process and a writ of seizure and sale under Louisiana law. (Rec. Doc. 1.) The Court issued an Order for Executory Process (Rec. Doc. 4) and directed issuance of a Writ of Seizure and Sale (Rec. Doc. 5) on September 23, 2015.

A court has the plenary power to modify, vacate, or set aside interlocutory orders when the interests of justice require. *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014). For the reasons discussed below, the Court finds that executory process is improper in this matter and, therefore, the Order for Executory Process is hereby vacated.

Louisiana executory process is procedural in nature. *Gillson v. Vendome Petroleum Corp.*, 35 F. Supp. 815, 818 (E.D. La. 1940). An executory proceeding is used to effect the seizure and sale of property "without previous citation and judgment."

La. Code Civ. Proc. arts. 2631, 2640. No answer by a defendant is permitted; a defense can only be asserted through an injunction proceeding or a suspensive appeal from the order directing the issuance of the writ of seizure and sale. *Id.* art. 2642.

Numerous judges in the United States District Court for the Eastern District of Louisiana have held that a federal court may not entertain a Louisiana executory proceeding. *Thermo Credit L.L.C. v. Centric Voice, Inc.*, No. 08-3441, 2008 WL 4691839, at *2 (E.D. La. Oct. 22, 2008); *First Bank & Trust v. Swope*, No. 08-3524, 2008 WL 4059860, at *2 (E.D. La. Aug. 25, 2008); *FDIC v. Saxena*, No. 93-1117, 1994 WL 202364, at *1 (E.D. La. May 16, 1994); *BancBoston Mortgage Corp. v. Wilson*, No. 88-2823, 1988 WL 76229, at *1 (E.D. La. July 11, 1988); *Gillson*, 35 F. Supp. at 819.

The Federal Rules of Civil Procedure govern the procedure in all "civil actions and proceedings" in the district courts, except as stated in Rule 81. Fed. R. Civ. P. 1. Rule 81 does not provide an exception for Louisiana executory proceedings. *See* Fed. R. Civ. P. 81. Accordingly, a "federal court cannot issue a writ of seizure and sale in an executory proceeding because under Louisiana law ***an executory proceeding is not commenced and prosecuted pursuant to the Federal Rules of Civil Procedure***." *Thermo Credit*, 2008 WL 4691839, at *2 (quoting *Saxena*, 1994 WL

202364, at *1; *BancBoston*,  1988 WL 76229, at *1). The lack of a requirement of citation and judgment before seizure and sale of property in a Louisiana executory proceeding does not comply with Rules 4(a) and 12(a) of the Federal Rules of Civil Procedure, which require that a summons and complaint be served on the defendant to answer within twenty-one days. *Id.*

The Court agrees that an executory proceeding under Louisiana law does not comport with the requirements of the Federal Rules of Civil Procedure. Therefore, Plaintiff cannot receive relief sought by executory process.

However, Plaintiff may proceed through ordinary process. The parties are properly before the Court under diversity jurisdiction. *See* 28 U.S.C. § 1332. For this reason, the Court will allow this action to continue as an ordinary action pursuant to Rule 4 of the Federal Rules of Civil Procedure. Thus, Defendants must be served with a summons and complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's *Order for Executory Process* **(Rec. Doc. 4)** dated September 23, 2015, is **VACATED**.

New Orleans, Louisiana this 4th day of November, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3